IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSSELL CARRINGTON,

   Plaintiff,

v.

THE CITY OF BALTIMORE, et al.,

   Defendants.

Civil Action No.: BAH-25-608

**MEMORANDUM OPINION**

Plaintiff has filed the instant civil rights complaint, *see* ECF 1, accompanied by a Motion for Leave to Proceed in Forma Pauperis, *see* ECF 2. He is incarcerated at the United Sates Penitentiary-Canaan in Waymart, Pennsylvania. Plaintiff names as Defendants the City of Baltimore; Mayor of Baltimore City; Gregg L. Bernstein, State's Attorney's Office; Amy Donze, State's Attorney's Office. ECF 1, at 1.

Because Plaintiff is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1) (2012); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff asserts that Defendants falsely arrested and imprisoned him. ECF 1-1, at 4. He claims that he was arrested by Officer Strohminger in April of 2011 in Baltimore City on drug

related charges. *Id.* Approximately a year later, Officer Strohminger and Assistant State's Attorney Donze presented Plaintiff's case to a grand jury. Plaintiff asserts that he was initially charged with a misdemeanor under arrest number 11192982 but was later indicted under criminal complaint number113D06069 and "Strohminger's affidavit of probable cause and criminal complaint number: 113D06069, [does] not correspond with misdemeanor—arrest number 11192982." *Id.* at 5. The grand jury returned an indictment under criminal case number 112067011. *Id*. at 6. Plaintiff states he was kept in custody under the misdemeanor arrest number. *Id*.

On September 23, 2013, Plaintiff entered a guilty plea. ECF 1-1, at 6. In support of the guilty plea ASA Donze represented the facts of the case as follows:

> On April 13th, 2011, at approximately 12;25 p.m., Officer Strohminger and Officer Charles were driving… they observed two individuals later identified as Russell Carrington…as well as Godfrey Hicks, standing in the alley of the 400 block of Lanvale Street on the outside. Officer Charles stopped the unmarked car and let Officer Strohminger out to investigate on the east side of the alley while Officer Charles drove to the west side of the alley. As Officer Strohminger got into the alley, he observed Mr. Hicks and Mr. Carrington exchange an unknown amount of U.S. currency in bill form. At that point, Mr. Carrington was observed walking into the "rear yard of 432 Lanvale Street," a vacant home, open a dryer vent. He then removed two plastic bags and "two small objects" from both bags that were consistent with the size and shape of controlled dangerous substances. The Defendant, Mr. Carrington then returned the plastic bags to the dryer vent and then walking towards Mr. Hicks, the officer then hears, "They[re] coming!," at which point: Mr. Carrington and Mr. Hicks began to run east bound in the alley toward Officer Charles. Mr. Carrington then threw the suspected CDS into the yard of 443 Lanvale Street. Officer Strohminger stopped Mr. Carrington and Mr. Hicks and placed them both under arrest.

*Id*. at 6.

Plaintiff contends that the recitation of the events presented by the assistant state's attorney were different than those stated in Strohminger's statement of probable cause. *Id*. The alleges that the state court questioned the assistant state's attorney regarding the initial misdemeanor offense

and the assistant state's attorney stated that the misdemeanor was nolle prossed as to 811227004. *Id*. at 7. Plaintiff claims that in April of 2020 the Honorable Karen Friedman, Circuit Judge for Baltimore City found that "when the State indicted criminal complaint number: 113D06069 (thereby creating felony case number: 112067011) they nolle prosequed the misdemeanor case 811227004…." and the felony received a new tracking number. *Id*. Plaintiff asserts that the new tracking number was never linked to his arrest number and the criminal complaint number was only linked to Hicks's arrest number. *Id*. Nevertheless, he claims that Assistant State's Attorney Donze prosecuted plaintiff under the new number. *Id*. Further, Plaintiff asserts that "the initial misdemeanor cases' evidence that created probable cause to arrest and detain [him], [] was attached" only to a tracking number associated with a case that was dismissed on September 23, 2013. *Id*. In Plaintiff's view, Donze's representation to the court that the misdemeanor case's evidence was used to pursue his felony was erroneous because it "contain[ed] no arrest record." *Id*. He states he was unlawfully placed in custody because the "evidence that created probable cause to arrest and detain him" was "attached" to a case that was dismissed, *id.* at 8, and seeks compensatory damages for his alleged false imprisonment.

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives him "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words,

§ 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Here, the complaint is deficient as to Defendants the City of Baltimore, Mayor of Baltimore City, and former State's Attorney Ivan Bates because Plaintiff has failed to explain how any of these defendants are responsible for the conduct alleged. Indeed, Plaintiff does not clearly attribute any factual details to any of these defendants in his complaint and his complaint cannot proceed against them.

Additionally, Plaintiff's complaint may not proceed as to former Baltimore City State's Attorney Gregg L. Bernstein or Assistant State's Attorney Amy Donze as they are immune from suit. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." Therefore, on the face of the suit, the prosecutorial defendants who Plaintiff asserts erred in presenting evidence during a state court proceeding in which Carrington entered his plea of guilty enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Lastly, Plaintiff's Complaint, liberally construed cannot provide any basis for relief because his conviction has not been reversed. In *Heck v. Humphrey*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints

5

containing such claims must therefore be dismissed without prejudice. 512 U.S. 477, 486–87 (1994). There is no allegation that Plaintiff's criminal conviction has been reversed or otherwise invalidated.

Moreover, once a defendant pleads guilty, he waives his right to pursue claims of constitutional deprivations in the investigation or deficiencies in the discovery process. *United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010) (guilty plea waives all nonjurisdictional errors leading up to the conviction except those errors affecting the adequacy of the plea). A petitioner post-guilty plea may collaterally attack whether the plea was knowing and voluntarily made because "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (internal quotation marks and citation omitted). *See also United States v. Bluso,* 519 F.2d 473, 474 (4th Cir. 1975) ("A guilty plea is understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities."). At this juncture, Plaintiff can pursue only those constitutional challenges to the guilty plea proceedings. *See United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019) ("Guilty pleas are protected by a strong presumption, one deeply rooted in our jurisprudence – the presumption of regularity."). Relief otherwise must be denied.

Title 28 U.S.C. §§ 1915(e)(2)(B) and 1915A require that whenever a prisoner files suit without paying the full filing fee, the Court must screen the complaint for sufficiency. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Section 1915(g) further provides that where a plaintiff "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed without the payment of filing fees unless he can establish he "is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g).

      A separate Order follows.

      8/29/2025                                            /s/
Date                                                             Brendan A. Hurson
                                                                     United States District Judge